UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*************************************

ORATAI CULHANE,

              Plaintiff,

v.

AURORA LOAN SERVICES OF
NEBRASKA,

              Defendant.

*************************************

Civil Action No. 1:11-cv-11098-WGY

## AFFIDAVIT OF KRISTEN TROMPISZ

I, Kristen Trompisz, being duly sworn, depose and state as follows:

1. I am a legal liaison and authorized signer of Aurora Loan Services, LLC ("Aurora").

2. I submit this Affidavit in support of the Defendant's Opposition to Plaintiff's Motion for a Temporary Restraining Order.

3. I make this affidavit based upon my personal knowledge and, further, upon my review of the servicing records for the subject property, which records were made and maintained in the regular or ordinary course of business of Aurora at or near the time of the act, condition or event to which they relate, by persons employed by Aurora who had a business duty to Aurora to accurately and completely take, make and maintain such records and documents.

4. If I were called upon to testify, I could and would testify competently to the facts set forth herein and I am authorized to submit this Affidavit on behalf of the Plaintiff.

5. On April 4, 2006, Oratai Culhane ("Plaintiff") executed a Note to Preferred Financial Group, Inc., DBA Preferred Mortgage Services in the amount of five hundred forty-

eight thousand and 00/100 ($548,000.00) dollars ("Culhane Note"). *See* Exhibit A (a true and correct copy of the Culhane Note from the Origination file[1] is attached hereto and incorporated herein).

6.  Said obligation was secured by a Mortgage ("Culhane Mortgage") executed and delivered by Oratai Culhane, individually, on April 4, 2006, in the amount of five hundred forty-eight thousand and 00/100 ($548,000.00) dollars, on the subject property, 1176 Brook Road, Milton, MA, which was recorded on April 11, 2006, in the Norfolk County Registry of Deeds in Book 23562, at Page 348. *See* Exhibit B (a true and correct copy of the Culhane Mortgage is attached hereto and incorporated herein).

7.  An Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. as nominee for Preferred Financial Group, Inc., DBA Preferred Mortgage Services to Aurora Loan Services, LLC, dated April 7, 2009, was recorded on April 24, 2009, at the aforesaid Registry in Book 26575, at Page 562 ("Aurora Assignment"). *See* Exhibit C (a true and correct copy of the Assignment is attached hereto and incorporated herein).

8.  Aurora is the current holder of the Culhane Note and current assignee of record of the Culhane Mortgage.

9.  The Plaintiff is currently in default on her loan obligation and is due for the May 1, 2009 payment.

10. As a result of her default, Aurora commenced foreclosure proceedings against the Plaintiff in April 2009.

---

[1] Original Note has been requested and will be supplemented once received.

11.    Based on a Broker's Price Opinion dated March 16, 2011, the subject property is valued at $480,000.00.

12.    As of June 20, 2011, the Plaintiff owes a total amount of $685,506.34, excluding recent attorney fees and costs.

13.    On September 29, 2009, based on verbal financials, the borrower was accepted into a special forbearance plan.

14.    On November 20, 2009, based once again on verbal financials, the borrower was reviewed for a Home Affordable Modification Program ("HAMP") modification but was determined to be ineligible.

15.    On May 18, 2010, the borrower was again reviewed for a modification based on an incomplete financial package she had previously submitted.

16.    On June 2, 2010, the borrower was denied a modification because she failed to submit requested additional documentation, including an updated profit and loss statement and her 2008 and 2009 tax returns.

17.    On July 7, 2010, the borrower accepted a special forbearance plan.

18.    On July 20, 2010, the borrower broke the special forbearance plan by failing to make the first required payment.

19.    On August 16, 2010, the borrower was reviewed for a modification based on an incomplete financial package that she had submitted on August 9, 2010.

20.    On September 12, 2010, the borrower was denied a modification because she failed to submit requested additional documentation, including a current profit and loss statement, her complete 2008 and 2009 tax returns, a complete divorce decree, and complete bank statements.

21.   On November 24, 2010, the borrower was denied a HAMP modification because Aurora could not verify her employment and income.

22.   On December 21, 2010, the borrower accepted a special forbearance plan.

23.   On December 27, 2010, Aurora cancelled the special forbearance plan because the borrower failed to send an executed agreement with a full first payment, as the agreement required.

24.   By letter dated January 5, 2011, the borrower was informed of the loan-modification denial.

25.   On May 12, 2011, the borrower once again submitted financials for a loan-modification review.

26.   The borrower was once again denied for a loan modification because her income was determined to be insufficient to afford a modified payment.

27.   The borrower was not eligible for HAMP because her post-modification Housing to Income Ratio ("HTI") was calculated to be 52%, which is outside of HAMP's guidelines.

28.   At this time the loan remains in default, the loan balance is a greater amount than there is equity in the property, and there is no avenue for loss mitigation.

[This part has been intentionally left blank]

Sworn to under the pains and penalties of perjury, on this the 21st day of _June_ , 2011.

By: Kristen Trompisz
Its: Legal Liaison

State of Colorado
County of Douglas

On this 21st day of _June_ , 2011, before me, _Kristie L. Cotham_ , personally appeared _Kristen Trompisz_ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Notary signature:

KRISTIE L COTHAM
NOTARY PUBLIC
STATE OF COLORADO