UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ************************************<br>**ORATAI CULHANE,**<br><br>      **Plaintiff,**<br>**v.**<br><br>**AURORA LOAN SERVICES OF**<br>**NEBRASKA,**<br>      **Defendant.**<br>************************************ | Civil Action No. 1:11-cv-11098-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Aurora Loan Services, LLC, ("Aurora") (incorrectly named in the caption), by and through its attorneys, hereby submits this Memorandum of Law in support of its Motion for Summary Judgment on all counts set forth in Plaintiff's Complaint.

### I. INTRODUCTION

The Defendant is entitled to summary judgment because the Plaintiff cannot satisfy her burden of demonstrating a genuine issue of material fact with respect to the causes of action set forth in her Complaint. The Plaintiff has failed to present any evidence in support of the essential elements of her claims rendering her case "trialworthy." Summary judgment in favor of the Defendant is appropriate since the Plaintiff failed to allege any claims that if proven would establish any wrongdoing on the part of the Defendant. For these reasons, as set forth more fully below, the Defendant is entitled to judgment as a matter of law on all counts set forth in the Plaintiff's Complaint.

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Oratai Culhane (the "Plaintiff") is the record owner of property located at 1176 Brook Road, Milton, Massachusetts (the "Property"). Statement of Facts ("SOF") ¶ 1 The Plaintiff executed and delivered a promissory note to Mortgage Electronic Registration Systems, Inc. as nominee for Preferred Financial Group, Inc., DBA Preferred Mortgage Services, in the amount of five hundred forty-eight thousand and 00/100 ($548,000.00) dollars on April 4, 2006, ("Culhane Note"), which was secured by a mortgage given by the Plaintiff to Mortgage Electronic Registration Systems, Inc. as nominee for Preferred Financial Group, Inc., DBA Preferred Mortgage Services and recorded in the Norfolk County Registry of Deeds, in Book 23562, at Page 348, against property located at 1176 Brook Road, Milton, Massachusetts ("Culhane Mortgage") (collectively known as the "Culhane Loan"). SOF ¶ 2-3. The Mortgage was assigned to Aurora Loan Services, LLC, by assignment, dated April 7, 2009, recorded on April 24, 2009, in the Norfolk County Registry of Deeds, in Book 26575, at Page 562. SOF ¶ 4.

As a result of her default, Aurora commenced foreclosure proceedings against the Plaintiff in April 2009. On April 30, 2009, Aurora filed a Servicemembers Complaint with the Massachusetts Land Court ("Land Court"). SOF ¶ 5. Aurora satisfied the requirements of the Servicemembers' Civil Relief Act; specifically, it caused the Order of Notice to be published, served and recorded, and subsequently submitted its Return on the Orders of Notice on September 28, 2009, through its attorneys Doonan, Graves & Longoria, LLC. SOF ¶ 6.

A foreclosure sale was scheduled for October 22, 2009. SOF ¶ 7.

The Notice of Mortgagee sale was sent to be published on September 21, 2009. SOF ¶ 8. The Massachusetts General Laws Chapter 244 § 14 letters indicating Aurora's Notice of Intent to

---

[1] For a complete statement of undisputed facts, please refer to the Defendant's Statement of Undisputed Material Facts incorporated herein by reference.

2

Foreclose Mortgage and Intent to Pursue Deficiency, dated September 23, 2009, were sent on September 24, 2009. SOF ¶ 9.

On October 19, 2009, the file was placed on hold while the borrower was reviewed for loss mitigation opportunities. SOF ¶ 10. The foreclosure sale scheduled for October 22, 2009, was cancelled. SOF ¶ 11.

On October 21, 2009, Judgment was entered by the Land Court. SOF ¶ 12.

On June 3, 2010, the foreclosure process resumed and a new sale date of July 14, 2010, was scheduled. SOF ¶ 13. The Notice of Mortgagee sale was sent to be published on June 11, 2010. SOF ¶ 14. The foreclosure sale scheduled for July 14, 2010, was postponed until July 28, 2010. SOF ¶ 15. On June 29, 2010, Chapter 244 § 14, Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency letters were sent. SOF ¶ 16.

On July 22, 2010, the foreclosure sale was postponed until August 30, 2010, to allow the borrower to be reviewed, once again, for loss mitigation. SOF ¶ 17. The file was then placed on hold for loss mitigation discussions and the foreclosure sale was again cancelled. SOF ¶ 18.

On September 1, 2010, a reinstatement letter, dated August 31, 2010, was sent and acknowledged by the Plaintiff on September 11, 2010. SOF ¶ 19.

Loss mitigation efforts were not successful and on September 14, 2010, the foreclosure process resumed and the Notice of Mortgagee Sale was sent to be published on September 27, 2010. SOF ¶ 20. The sale was scheduled for October 27, 2010. SOF ¶ 21.

On September 30, 2010, the Chapter 244 § 14, Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency letters, dated September 29, 2010, were sent. SOF ¶ 22. The file was then placed on hold for loss mitigation discussions and the foreclosure sale was again cancelled. SOF ¶ 23.

On October 26, 2010, the foreclosure sale scheduled for October 27, 2010, was postponed to December 28, 2010, for an additional HAMP review. SOF ¶ 24. On October 26, 2010, the borrower filed a Chapter 13 Bankruptcy, Case No. 10-21638, and the foreclosure was placed on hold. SOF ¶ 25.

On November 29, 2010, the Chapter 13 Bankruptcy was terminated and foreclosure resumed. SOF ¶ 26. On December 21, 2010, continued sale letters were sent. SOF ¶ 27.

On December 28, 2010, the foreclosure sale was once again postponed to January 31, 2011, for loss mitigation review. SOF ¶ 28. On January 18, 2011, continued sale letters were sent to all interested parties. SOF ¶ 29. On January 28, 2011, Plaintiff filed a second Chapter 13 Bankruptcy, Case No. 11-10681, and the foreclosure sale was cancelled. SOF ¶ 30.

On February 7, 2011, a reinstatement letter was sent to the Plaintiff. SOF ¶ 31.

On March 2, 2011, the foreclosure proceeded and the Notice of Mortgagee sale was sent to be published on March 7, 2011. SOF ¶ 32. The sale was set for April 11, 2011. SOF ¶ 33. The Chapter 244 § 14, letters were sent on March 15, 2011. SOF ¶ 34. On March 17, 2011, the Chapter 13 Bankruptcy was terminated and the foreclosure resumed. SOF ¶ 35.

On April 11, 2011, the Plaintiff filed her third Chapter 13 Bankruptcy, Case No.11-13241, and the foreclosure sale was postponed to April 27, 2011, and again to May 6, 2011. SOF ¶ 36. On April 29, 2011, continued sale letters were sent to all interested parties. SOF ¶ 37.

On May 5, 2011, the foreclosure sale was postponed until May 17, 2011, to allow further time to review for loss mitigation. SOF ¶ 38. On May 12, 2011, continued sale letters were sent to all interested parties. SOF ¶ 39. On May 12, 2011, the borrower was denied a HAMP modification as well as an in-house modification. SOF ¶ 40. On May 16, 2011, the foreclosure sale was postponed until June 20, 2011, to allow for appeal pursuant to the HAMP denial

guidelines. SOF ¶ 41. On May 24, 2011, the Chapter 13 Bankruptcy was terminated. SOF ¶ 42. On June 13, 2011, continued sale letters were sent to all interested parties. SOF ¶ 43.

On June 17, 2011, the Plaintiff filed her Complaint and Motion for Temporary Restraining Order in the Norfolk County Superior Court as civil action number 11-cv-00922. SOF ¶ 44. On or about June 17, 2011, the Defendant, through the undersigned, received several pages of the Motion by facsimile and subsequently removed the matter to this Court. SOF ¶ 45. The Defendant postponed the foreclosure sale by public proclamation. SOF ¶ 46. The sale is presently scheduled for July 5, 2011, however it will be postponed until a date after the July 20, 2011 hearing. SOF ¶ 47.

The Property is valued at approximately $480,000.00. SOF ¶ 48. The total amount owed by the Plaintiff as of June 20, 2011, not including the recent attorney fees and costs, is $685,506.34. SOF ¶ 49.

## III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a moving party is entitled to summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." As the Court stated in *Celotex Corp. v. Catrett*,

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the Court must view the record and all reasonable inferences in the light most favorable to the nonmoving party. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990). Initially, the moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S.

317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). If the moving party satisfies its burden, the burden then shifts to the nonmoving party to make "a competent demonstration that *every essential element* of its claim or defense is at least trialworthy. An essential element of a claim or defense is not trialworthy unless there is sufficient evidence for a jury to return a verdict for the nonmoving party." *Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir. 1991). The nonmoving party cannot rely on his pleadings and allegations to defeat the summary judgment motion, but must respond with specific facts evidenced through affidavits, admissions, answers to interrogatories and depositions, establishing the existence of "genuine issue for trial." Fed. R. Civ. P 56 (e)(2); *Celotex Corp.*, 477 U.S. at 324.

## IV. ARGUMENT

### A. The Defendant is Entitled to Summary Judgment on Plaintiff's Claim of Violation of Truth-In-Lending Law and Other Federal Laws.

The Plaintiff asserts that the Defendant breached the "federal truth-in-lending laws" as well as "other federal laws." This claim must be rejected as a matter of law since she alleges no facts which if proven would support this claim. She does not allege what laws were broken; by whom; where; how Aurora, as subsequent holder of the mortgage, would have knowledge of or be responsible for any alleged violations; and, most importantly, how the alleged violations would preclude foreclosure.

Moreover, TILA claims may not be asserted against an assignee and Plaintiff has not named the originator.[2] Further, the statute of limitations on TILA is one year and Plaintiff's loan

---

2 A claim for rescission can only be brought against the owner - Aurora holds no ownership interest in loan, is holder pursuant to servicing agreement, but not owners, thus not liable under TILA – 15 USC 1641(f) - A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.

was originated in 2006.[3] In sum, the Plaintiff is unable to meet her burden of establishing that a genuine issue of material fact exists with respect to this claim; as a result, her claim fails and must be dismissed.

### B. The Defendant is Entitled to Summary Judgment on Plaintiff's Claims of Breach of Contract.

The Plaintiff asserts that the Defendant breached the contract. This claim must be rejected as a matter of law since the Plaintiff cannot meet her burden of establishing a genuine issue of material fact. Plaintiff fails to specifically allege what terms of the contract the Defendant breached. The Plaintiff makes only conclusory allegations concerning her continued hope of being accepted for a HAMP modification.

Plaintiff makes the bald assertion that her Mortgage Contract, the same contract that she has breached by failing to pay, has been breached by the Defendant. She does not allege what provisions of the contract were violated; how they were violated; and what damages resulted. If the gravamen of her claim is that she was improperly denied a HAMP modification, that claim has been soundly rejected throughout the Circuits as a matter of law. *See McKensi v. Bank of America*, N.A., 2010 WL 3781841, at *5-6 (D. Mass. Sept. 22, 2010) (borrower is not an intended third party beneficiary under HAMP); *Williams v. Geithner*, 2009 WL 3757380, at *6 (D. Minn. Nov. 9, 2009)(HAMP guidelines did not intend "to create a property interest in loan modifications for mortgages in default"); *Marks v. Bank of America, N.A.*, 2010 WL 2572988, at *4-5 (D. Ariz. June 22, 2010) (Court dismissed the borrower's breach of contract claim holding that he is not an intended beneficiary of HAMP and further that HAMP does not provide a private right of action); *Villa v. Wells Fargo Bank, N.A.*, 2010 WL 2635220, at *3 (S.D. Cal. March 15, 2010) (borrower

---

[3] Under TILA, the Borrower(s) has three years to rescind and one year to institute an action for damages - 1640(e)/1635(f).

does not have enforceable rights under HAMP) ("The Agreement does not state that Countrywide *must* modify all mortgages that meet the eligibility requirements only that it is required to *consider* them.").

Since the Plaintiff cannot meet her burden of establishing a triable issue of fact to sustain a cause of action for breach of contract, summary judgment should enter in favor of the Defendant on these claims.

### C. The Defendant is Entitled to Summary Judgment on Plaintiff's Claims of Violation of Massachusetts General Laws.

The Plaintiff alleges a "breach" of "various Massachusetts laws" and must be rejected at the outset as it fails to state not only the offensive act, but also the applicable law. The Plaintiff's Complaint is legally insufficient and fails to make even a prima facie showing that she can prove the elements of any of her claims. The Plaintiff asserts only vague and generalized allegations that are not supported in law or fact and fail to establish any right to relief.

### D. The Defendant has Established Standing and That all Prerequisites to Foreclosure in Massachusetts have been met.

While not challenged by the Plaintiff in her Motion or in her Complaint, the Defendants have also clearly established that they possess the requisite standing to foreclose and have taken the necessary steps that are required for a non-judicial foreclosure in Massachusetts. In so doing, Defendants have clearly established that Summary Judgment on the merits is warranted.

The Defendants have established their standing to foreclosure the mortgage by producing recorded public records, specifically the Culhane Mortgage and Aurora Assignment. Defendants further corroborated the information in these public records with the affidavit from Aurora, that the mortgage was assigned to Aurora Loan Services LLC prior to the first publication of the

notice of sale.[4] *See U.S. Bank National Association v. Ibanez*, 2011 WL 38071 (Mass. Jan. 7, 2011)

In addition, while not a prerequisite to a non-judicial foreclosure in Massachusetts, Defendants have also obtained a Judgment from the Land Court certifying that the Plaintiff is not entitled to the protection of the Service Members' Act.[5] Defendants have also established that the loan remains in default,[6] that the Plaintiff has not reinstated or demonstrated an ability to do so, and that the Notice of Sale was timely published and served as required.[7] Based on the foregoing, Aurora has established that it maintains the requisite standing and respectfully requests that its Motion for Summary Judgment be granted.

## V.   CONCLUSION

In sum, Aurora has met its burden of making a prima facie showing of entitlement to summary judgment on all of the Plaintiff's claims. The Plaintiff has failed to allege specific facts, supported by documentary evidence, that raise a genuine issue of material fact. As a result, Aurora respectfully request that this Court grant its Motion for Summary Judgment, enter judgment in favor of the Defendant and for such other and further relief as this Court may deem just and proper.

                                              Respectfully Submitted,

                                              Aurora Loan Services, LLC
                                              By and through its counsel,

Dated: 6/24/11                             /s/ Reneau J. Longoria
                                              Reneau J. Longoria, Esq. (BBO #635118)
                                              Erin P. Severini, Esq. (BBO #654644)
                                              Stephen M. Valente, Esq. (BBO#663118)

---

[4] The Mortgage was assigned to Aurora Loan Services, LLC, by assignment, dated April 7, 2009, recorded on April 24, 2009, in the Norfolk County Registry of Deeds, in Book 26575, at Page 562. SOF ¶ 4.
5 On October 21, 2009, Judgment was entered by the Land Court. SOF ¶ 12.

[6] *See* Affidavit of Aurora Loan Services.
[7] On March 2, 2011, the foreclosure proceeded and the Notice of Mortgagee sale was sent to be published on March 7, 2011. SOF ¶ 30. The sale was set for April 11, 2011. SOF ¶ 31. The Chapter 244 § 14, letters were sent on March 15, 2011. SOF ¶ 32

Doonan, Graves and Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com