UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************     Civil Action No. 1:11-cv-11098-WGY
ORATAI CULHANE,                      *
                                     *
              Plaintiff,             *
v.                                   *
                                     *
AURORA LOAN SERVICES OF              *
NEBRASKA,                            *
                                     *
                                     *
              Defendant.             *
                                     *
*************************************
```

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Aurora Loan Services, LLC ("Aurora"), by and through its attorneys, hereby submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Oratai Culhane is the record owner of property located at 1176 Brook Road, Milton, Massachusetts (the "Property"). *See* Exhibit A of Affidavit of Aurora Loan Services, LLC.

2. On April 4, 2006, the Plaintiff executed a Note to Preferred Financial Group, Inc., DBA Preferred Mortgage Services, in the amount of five hundred forty-eight thousand and 00/100 ($548,000.00) dollars ("Culhane Note"). *See* Exhibit B of Affidavit of Aurora Loan Services, LLC.

3. As security for the promissory note, Oratai Culhane executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Preferred Financial Group, Inc., DBA Preferred Mortgage Services, dated April 4, 2006, and

recorded on April 11, 2006, in the Norfolk County Registry of Deeds, in Book 23562, at Page 348, against the Property ("Culhane Mortgage"). *See* Exhibit C of Affidavit of Aurora Loan Services, LLC.

4. The mortgage was assigned from Mortgage Electronic Registration Systems, Inc. as nominee for Preferred Financial Group, Inc, DBA Preferred Mortgage Services to Aurora Loan Services, LLC, dated April 7, 2009, was recorded on April 24, 2009, at the aforesaid Registry in Book 26575, at Page 562. *See* Exhibit D of Affidavit of Aurora Loan Services, LLC.

5. On April 30, 2009, Aurora filed a Servicemembers Complaint with the Massachusetts Land Court ("Land Court"). *See* Exhibit AA Affidavit of Reneau J. Longoria, Esq.

6. Aurora satisfied the requirements of the Servicemembers' Civil Relief Act; specifically, it caused the Order of Notice to be published, served and recorded, and subsequently submitted its Return on the Orders of Notice on September 28, 2009, through its attorneys Doonan, Graves & Longoria, LLC. *See* Paragraph 6 of Affidavit of Reneau J. Longoria, Esq.

7. A foreclosure sale was scheduled for October 22, 2009. *See* Paragraph 7 of Affidavit of Reneau J. Longoria, Esq.

8. The Notice of Mortgagee sale was sent to be published on September 21, 2009. *See* Paragraph 8 of Affidavit of Reneau J. Longoria, Esq.

9. The Massachusetts General Laws Chapter 244 § 14 letters, dated September 23, 2009, indicating Aurora's Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency were sent on September 24, 2009. *See* Exhibit AB of Affidavit of Reneau J. Longoria, Esq.

10. On October 19, 2009, the file was placed on hold while the borrower was reviewed for loss mitigation opportunities. *See* Paragraph 10 of Affidavit of Reneau J. Longoria, Esq.

11. The foreclosure sale scheduled for October 22, 2009, was cancelled. *See* Paragraph 11 of Affidavit of Reneau J. Longoria, Esq.

12. On October 21, 2009, Judgment was entered by the Land Court. *See* Exhibit AC Affidavit of Reneau J. Longoria, Esq.

13. On June 3, 2010, the foreclosure process resumed and a new sale date of July 14, 2010, was scheduled. *See* Paragraph 13 of Affidavit of Reneau J. Longoria, Esq.

14. The Notice of Mortgagee sale was sent to be published on June 11, 2010. *See* Paragraph 14 of Affidavit of Reneau J. Longoria, Esq.

15. The foreclosure sale scheduled for July 14, 2010, was postponed until July 28, 2010. *See* Paragraph 15 of Affidavit of Reneau J. Longoria, Esq.

16. On June 29, 2010, Chapter 244 § 14, Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency letters were sent. *See* Exhibit AD of Affidavit of Reneau J. Longoria, Esq.

17. On July 22, 2010, the foreclosure sale was postponed until August 30, 2010, to allow the borrower to be reviewed, once again, for loss mitigation. *See* Paragraph 17 of Affidavit of Reneau J. Longoria, Esq.

18. The file was then placed on hold for loss mitigation discussions and the foreclosure sale was again cancelled. *See* Paragraph 18 of Affidavit of Reneau J. Longoria, Esq.

19. On September 1, 2010, a reinstatement letter, dated August 31, 2010, was sent and acknowledged by the Plaintiff on September 11, 2010. *See* Exhibit AE of Affidavit of Reneau J. Longoria, Esq.

20. Loss mitigation efforts were not successful and on September 14, 2010, the foreclosure process resumed and the Notice of Mortgagee Sale was sent to be published on September 27, 2010. *See* Exhibit AF Affidavit of Reneau J. Longoria, Esq.

21. The sale was scheduled for October 27, 2010. *See* Paragraph 21 of Affidavit of Reneau J. Longoria, Esq.

22. On September 30, 2010, the Chapter 244 § 14, Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency letters, dated September 29, 2010, were sent. *See* Exhibit AF of Affidavit of Reneau J. Longoria, Esq.

23. The file was then placed on hold for loss mitigation discussions and the foreclosure sale was again cancelled. *See* Paragraph 23 of Affidavit of Reneau J. Longoria, Esq.

24. On October 26, 2010, the foreclosure sale scheduled for October 27, 2010, was postponed to December 28, 2010, for an additional HAMP review. *See* Paragraph 24 of Affidavit of Reneau J. Longoria, Esq.

25. On October 26, 2010, the borrower filed a Chapter 13 Bankruptcy, Case No. 10-21638, and the foreclosure was placed on hold. *See* Paragraph 25 of Affidavit of Reneau J. Longoria, Esq.

26. On November 29, 2010, the Chapter 13 Bankruptcy was terminated and foreclosure resumed. *See* Paragraph 26 of Affidavit of Reneau J. Longoria, Esq.

27. On December 22, 2010, continued sale letters dated December 21, 2010, were sent. *See* Exhibit AG of Affidavit of Reneau J. Longoria, Esq.

28. On December 28, 2010, the foreclosure sale was once again postponed to January 31, 2011, for loss mitigation review. *See* Paragraph 28 of Affidavit of Reneau J. Longoria, Esq.

29. On January 18, 2011, continued sale letters, dated January 14, 2011 were sent to all interested parties. *See* Exhibit AH of Affidavit of Reneau J. Longoria, Esq.

30. On January 28, 2011, Plaintiff filed a second Chapter 13 Bankruptcy, Case No. 11-10681, and the foreclosure sale was cancelled. *See* Paragraph 30 of Affidavit of Reneau J. Longoria, Esq.

31. On February 7, 2011, a reinstatement letter was sent to the Plaintiff. *See* Exhibit AI of Affidavit of Reneau J. Longoria, Esq.

32. On March 2, 2011, the foreclosure proceeded and the Notice of Mortgagee sale was sent to be published on March 7, 2011. *See* Paragraph 32 of Affidavit of Reneau J. Longoria, Esq.

33. The sale was set for April 11, 2011. *See* Paragraph 33 of Affidavit of Reneau J. Longoria, Esq.

34. The Chapter 244 § 14, letters were sent on March 15, 2011, the sale was set for April 11, 2011. *See* Exhibit AJ of Affidavit of Reneau J. Longoria, Esq.

35. On March 17, 2011, the Chapter 13 Bankruptcy was terminated and the foreclosure resumed. *See* Paragraph 35 of Affidavit of Reneau J. Longoria, Esq.

36. On April 11, 2011, the Plaintiff filed her third Chapter 13 Bankruptcy, Case No.11-13241, and the foreclosure sale was postponed to April 27, 2011, and again to May 6, 2011. *See* Paragraph 36 of Affidavit of Reneau J. Longoria, Esq.

37. On April 29, 2011, continued sale letters were sent to all interested parties. *See* Exhibit AK of Affidavit of Reneau J. Longoria, Esq.

38. On May 5, 2011, the foreclosure sale was postponed until May 17, 2011, to allow further time to review for loss mitigation. *See* Paragraph 39 of Affidavit of Reneau J. Longoria, Esq.

39. On May 12, 2011, continued sale letters were sent to all interested parties. *See* Exhibit AO Affidavit of Reneau J. Longoria, Esq.

40. On May 12, 2011, the borrower was denied a HAMP modification as well as an in-house modification. *See* Paragraph 41 of Affidavit of Reneau J. Longoria, Esq.

41. On May 16, 2011, the foreclosure sale was postponed until June 20, 2011, to allow for appeal pursuant to the HAMP denial guidelines. *See* Paragraph 42 of Affidavit of Reneau J. Longoria, Esq.

42. On May 24, 2011, the Chapter 13 Bankruptcy was terminated.

43. On June 13, 2011, continued sale letters were sent to all interested parties. *See* Exhibit AM of Affidavit of Reneau J. Longoria, Esq.

44. On June 17, 2011, the Plaintiff filed her Complaint and Motion for Temporary Restraining Order in the Norfolk County Superior Court as civil action number 11-cv-00922. *See* Paragraph 45 of Affidavit of Reneau J. Longoria, Esq.

45. On or about June 17, 2011, the Defendant, through the undersigned, received several pages of the Motion by facsimile and subsequently removed the matter to this Court. *See* Paragraph 46 of Affidavit of Reneau J. Longoria, Esq.

46. The Defendant postponed the foreclosure sale by public proclamation. *See* Paragraph 47 of Affidavit of Reneau J. Longoria, Esq.

47. The sale was scheduled for July 5, 2011, however, it will be postponed until a date after the July 20, 2011 hearing. *See* Paragraph 48 of Affidavit of Reneau J. Longoria, Esq.

48. The Property is valued at approximately $480,000.00. *See* Exhibit D of Affidavit of Aurora Loan Services. LLC.

49. The total amount owed by the Plaintiff as of June 20, 2011, not including the recent

attorney fees and costs, is $685,506.34. *See* Paragraph 13 of Affidavit of Aurora Loan Services.

50. The loan remains in default at the time of filing of this motion. *See* Paragraph 29 of Affidavit of Aurora Loan Services.

Respectfully Submitted,

Aurora Loan Services, LLC,
By and through its counsel,

Dated: 6/24/11

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq. (BBO #635118)
Erin P. Severini, Esq. (BBO #654644)
Stephen M. Valente, Esq. (BBO#663118)
Doonan, Graves and Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com