UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORATAI CULHANE,<br><br>           Plaintiff,<br>v.<br><br>AURORA LOAN SERVICES OF NEBRASKA,<br><br>           Defendant. | Civil Action No. 1:11-cv-11098-WGY |

## AFFIDAVIT OF RENEAU J. LONGORIA

I, Reneau J. Longoria, Esq., a member in the law firm of Doonan Graves & Longoria, LLC., attorneys of record for Aurora Loan Services, LLC in the above-entitled action respectfully submit this Affidavit in Support of Aurora's Motion for Summary Judgment and hereby aver that:

1. I am an attorney admitted to practice in the Commonwealth of Massachusetts.

2. I submit this Affidavit in support of the Defendant's Motion for Summary Judgment.

3. I make this affidavit based upon my personal knowledge and, further, upon my review of the foreclosure records for the subject property, which records were made and maintained in the regular or ordinary course of business of Doonan, Graves & Longoria, LLC ("DG&L") at or near the time of the act, condition or event to which they relate, by persons employed by DG&L who had a business duty to Aurora to accurately and completely take, make and maintain such records and documents.

4. If I were called upon to testify, I could and would testify competently to the facts set forth herein and I am authorized to submit this Affidavit on behalf of the Defendant.

5. On April 30, 2009, Aurora filed a Servicemembers Complaint with the Massachusetts Land Court ("Land Court"). *See* Exhibit AA (a true and correct copy of the Servicemembers Complaint filed is attached hereto and incorporated herein.)

6. Aurora satisfied the requirements of the Servicemembers' Civil Relief Act; specifically, it caused the Order of Notice to be published, served and recorded, and subsequently submitted its Return on the Orders of Notice on September 28, 2009.

7. A foreclosure sale was scheduled for October 22, 2009.

8. The Notice of Mortgagee sale was sent to be published on September 21, 2009.

9. The Massachusetts General Laws Chapter 244 § 14 letters, dated September 23, 2009, indicating Aurora's Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency were sent on September 24, 2009. *See* Exhibit AB (a true and correct copy of the September 23, 2009 M.G.L Chapter 244 § 14 letters is attached hereto and incorporated herein.)

10. On October 19, 2009, the file was placed on hold while the borrower was reviewed for loss mitigation opportunities.

11. The foreclosure sale scheduled for October 22, 2009, was cancelled.

12. On October 21, 2009, Judgment was entered by the Land Court. *See* Exhibit AC (a true and correct copy of Judgment is attached hereto and incorporated herein.)

13. On June 3, 2010, the foreclosure process resumed and a new sale date of July 14, 2010, was scheduled.

14. The Notice of Mortgagee sale was sent to be published on June 11, 2010.

15. The foreclosure sale scheduled for July 14, 2010, was postponed until July 28, 2010.

16. On June 29, 2010, Chapter 244 § 14, Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency letters were sent. *See* Exhibit AD (a true and correct copy of the June 29, 2010, M.G.L Chapter 244 § 14 letters is attached hereto and incorporated herein.)

17. On July 22, 2010, the foreclosure sale was postponed until August 30, 2010, to allow the borrower to be reviewed, once again, for loss mitigation.

18. The file was then placed on hold for loss mitigation discussions and the foreclosure sale was again cancelled.

19. On September 1, 2010, a reinstatement letter, dated August 31, 2010, was sent and acknowledged by the Plaintiff on September 11, 2010. *See* Exhibit AE (a true and correct copy of the August 31, 2010, reinstatement letter is attached hereto and incorporated herein.)

20. On September 14, 2010, the foreclosure process resumed and the Notice of Mortgagee Sale was sent to be published on September 27, 2010.

21. The sale was scheduled for October 27, 2010.

22. On September 30, 2010, the Chapter 244 § 14, Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency letters, dated September 29, 2010, were sent. *See* Exhibit AF (a true and correct copy of the September 29, 2010, M.G.L Chapter 244 § 14 letters is attached hereto and incorporated herein.)

23. The file was then placed on hold for loss mitigation and the foreclosure sale was again cancelled.

24. On October 26, 2010, the foreclosure sale scheduled for October 27, 2010, was postponed to December 28, 2010, for an additional HAMP review.

25. On October 26, 2010, the borrower filed a Chapter 13 Bankruptcy, Case No. 10-21638, and the foreclosure was placed on hold.

26. On November 29, 2010, the Chapter 13 Bankruptcy was terminated and foreclosure resumed.

27. On December 22, 2010, continued sale letters dated December 21, 2010, were sent. *See* Exhibit AG (a true and correct copy of the December 21, 2010, continued sale letters is attached hereto and incorporated herein.)

28. On December 28, 2010, the foreclosure sale was once again postponed to January 31, 2011, for loss mitigation review.

29. On January 18, 2011, continued sale letters, dated January 14, 2011 were sent to all interested parties. *See* Exhibit AH (true and correct copies of January 14, 2011, continued sale letters are attached hereto and incorporated herein.)

30. On January 28, 2011, Plaintiff filed a second Chapter 13 Bankruptcy, Case No. 11-10681, and the foreclosure sale was cancelled.

31. On February 7, 2011, a reinstatement letter was sent to the Plaintiff. *See* Exhibit AI (a true and correct copy of the February 7, 2011, reinstatement letter is attached hereto and incorporated herein.)

32. On March 2, 2011, the foreclosure proceeded and the Notice of Mortgagee sale was sent to be published on March 7, 2011.

33. The sale was set for April 11, 2011.

34. The Chapter 244 § 14, letters were sent on March 15, 2011, the sale was set for April 11, 2011. *See* Exhibit AJ (a true and correct copy of the March 15, 2011, M.G.L Chapter 244 § 14 letters is attached hereto and incorporated herein.)

35. On March 17, 2011, the Chapter 13 Bankruptcy was terminated and the foreclosure resumed.

36. On April 11, 2011, the Plaintiff filed her third Chapter 13 Bankruptcy, Case No.11-13241, and the foreclosure sale was postponed to April 27, 2011.

37. The foreclosure sale was postponed again from April 27, 2011, to May 6, 2011.

38. On April 29, 2011, continued sale letters were sent to all interested parties. *See* Exhibit AK (true and correct copies of April 29, 2011, continued sale letters are attached hereto and incorporated herein.)

39. On May 5, 2011, the foreclosure sale was postponed until May 17, 2011, to allow further time to review for loss mitigation.

40. On May 12, 2011, continued sale letters were sent to all interested parties. *See* Exhibit AL (true and correct copies of the May 12, 2011, continued sale letters is attached hereto and incorporated herein.)

41. On May 12, 2011, the borrower was denied a HAMP modification as well as an in-house modification.

42. On May 16, 2011, the foreclosure sale was postponed until June 20, 2011, to allow for appeal pursuant to the HAMP denial guidelines.

43. On May 24, 2011, the Chapter 13 Bankruptcy was terminated.

44. On June 13, 2011, continued sale letters were sent to all interested parties. *See* Exhibit AM (true and correct copies of June 13, 2011, continued sale letters are attached hereto and incorporated herein.)

45. On June 17, 2011, the Plaintiff filed a Complaint and Motion for Temporary Restraining Order in the Norfolk County Superior Court as civil action number 11-cv-00922.

46. On or about June 17, 2011, the Defendant, through the undersigned, received several pages of the Motion by facsimile and subsequently removed the matter to this Court.

47. The Defendant postponed the foreclosure sale by public proclamation.

48. The sale is presently scheduled for July 5, 2011, but will be postponed on that date by public proclamation to a date certain after July 20, 2011.

Sworn to under the pains and penalties of perjury, on this the 24th day of June, 2011.

Reneau J. Longoria, Esq.
Attorney of Record for Aurora Loan Services, LLC

State of Massachusetts
County of Essex

On this 24th day of June, 2011, before me, Christina Weaver, personally appeared Reneau Longoria personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Notary signature:

CHRISTINA E. WEAVER
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
July 2, 2015

6