UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO:  1:11-CV-11098-WGY

_____

ORATAI CULHANE,
    Plaintiff

v.

AURORA LOAN SERVICES,  LLC

    Defendant
_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

    Ms. Culhane opposes Aurora's Motion for Summary Judgment.  She has also filed a Motion to Amend Complaint and a proposed Amended Complaint alleging new claims against Defendant Aurora including Breach of Covenant of Good Faith and Fair Dealing, Promissory Estoppel, Negligent Misrepresentation, Unjust Enrichment, Wrongful Foreclosure and Unfair and Deceptive Business Practices and/or Unconscionable Business Practices. In addition, Ms. Culhane has sought to amend her complaint to add actions for unfair and deceptive practices and violations of consumer lending statutes against Quatrro Mortgage Solutions, Inc., the successor-in-interest to Preferred Financial Group.  She is also seeking to add Deutsche Bank of the Americas and Mortgage Electronic Registration Systems, Inc. as Defendants to this action as her mortgage is alleged to have been transferred into a mortgage backed securities trust entitled RALI Series 2006 Q05 Trust.  Ms. Culhane

disputes the legal standing of the Trustee or Aurora to foreclose on her home and has sought a jury trial in her complaint with respect to all issues so triable.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2006, Ms. Culhane signed a Note to Preferred and a Mortgage to MERS, as nominee for Preferred. Preferred is now owned by Quatrro. The Mortgage was for $548,000.00. It was a variable loan rate starting at 1.5% with a balloon payment due after thirty years. The payments of principal and interest were $1,891.26 for thirty years with a balloon payment due after thirty years on May 1, 2036. The note now apparently has two undated endorsements which appear on the body of the note and another undated endorsement which appears on an allonge which Aurora claims is now part of the original note.

Ms. Culhane called Aurora in December of 2009 to discuss loan modification and forbearance options. Ms. Culhane sought legal help from St. Jude Mortgage Rescue and Ms. Culhane worked out her first forbearance plan. For 6 months she would make payments of $1,623 per month and at the end of 6 months Aurora would modify her plan. At the end of making these timely payments for 6 months, Aurora denied her a modification stating that St. Jude Mortgage Rescue had not updated her financial information.

In October 2010, Ms. Culhane received approval for a forbearance of $1,611 per month from the bank and she received the aid of Catholic Charities to help her out with one month's mortgage payment. Catholic Charities was delayed in submitting this payment. The bank did not receive her payment on time and as a result her forbearance was denied. Ms. Culhane filed for Chapter 13 Bankruptcy on October 26, 2010 and the foreclosure was placed on hold. On November 29, 2010 the Bankruptcy was terminated and foreclosure resumed.

In December 2010, Ms. Culhane was approved for another forbearance of $1,500 per month. Catholic Charities submitted this payment on time but Aurora returned their check because they claimed it was sent to the wrong address or office. Catholic Charities resubmitted the check, but Aurora denied receiving it. Ms. Culhane was denied forbearance or modification again and the sale was scheduled for January 31, 2011. Between January and May the auction was scheduled several times and Ms. Culhane filed bankruptcy twice more in an effort to reorganize and keep her home.

During the course of these negotiations, Aurora informed Ms. Culhane that it needed all documents for the modification submitted to them 10 days before the scheduled foreclosure sale and that it takes them 48 hours to receive faxes. Thus, Aurora required Ms. Culhane to submit all her documentation to Aurora 12 days before the scheduled sale. Ms. Culhane submitted her documentation to Aurora and after its receipt, Aurora requested supplemental documentation from her. However, Aurora refused to postpone the June 20, 2011 sale date or allow her more time to submit the needed documentation.

On June 17, 2011 Ms. Culhane filed a Complaint and Motion for Temporary Restraining Order in the Norfolk Superior Court as civil action number 11-cv-00922. On or about June 17, 2011, Defendant, Aurora Loan Services, removed the matter to this Court and immediately filed a Motion for Summary Judgment. The foreclosure auction is currently scheduled to take place on September 13, 2011.

## III. LEGAL STANDARD

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Mesnick v. Gen. Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991) (quoting <u>Garside v. Osco Drug, Inc</u>., 895 F.2d 46, 50 (1st Cir.

1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. ,1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

## IV. ARGUMENT

A. The Defendant Does Not Have Standing to Foreclose

Aurora alleged that as an assignee of MERS, it has legal authority to foreclose. Ms. Culhane relies on the rationale and holding of a recent Superior Court case in Massachusetts which provided that due to longstanding common law practice that a foreclosing bank must have unity of the note and mortgage in order to proceed with a valid foreclosure. *See Eaton*

*v. Federal National Mortgage Association*, Suffolk superior Court No 11-1382. Copy attached hereto as Exhibit "A".

The determination of the unity of the mortgage and note is a question for the finder of fact and should not be decided on a summary judgment motion. *See e.g. In Re Shapoval, No. 10-30175, U.S. Bankr. D. Mass. where the Court ordered an evidentiary hearing to determine whether an allonge was "affixed" to the note as required by the U.C.C. Article 3.* Similarly in the case at bar, summary judgment is not appropriate where there are genuine issue as to materials facts regarding an undated allonge with an endorsement that has recently turned up in these proceedings allegedly affixed to the original note. The original allonge was filed with the Court but Plaintiff has not seen it as yet.

In the instant case Aurora admits that the owner of the mortgage is Deutsche Bank Trust Company of the Americas, Trustee of RALI Series 2006 Q05 Trust. However, Ms. Culhane disputes that Deutsche Bank or its Attorney-in-Fact, Aurora, has authority to foreclose and that the mortgage was ever transferred into the trust properly in order for the Trustee to have authority (even in the name of Aurora, the Servicer) to foreclose. See Exhibit C to Affidavit of Counsel.

In the case at bar, summary judgment is not appropriate because there exists genuine issue as to materials facts regarding the allonge.

B. Plaintiff's Consumer Claims related to Truth-in –Lending.

Ms. Culhane is also alleging truth-in-lending violations of the Defendant as assignee of her lender, Preferred. Aurora states that the claim cannot be brought against it because they are not the owner of the loan. Yet in the endorsement allonge that Aurora presented to the Court, one of Aurora's officers signed as "Attorney in Fact" for the alleged owner of the

mortgage, Deutsche Bank, Trustee of the Americas.  Ms. Culhane has not been presented with the "Attorney in Fact" agreement between Deutsche Bank of the Americas and Aurora and disputes that Aurora's status as the servicer shields them from liability for said acts.  Furthermore, in Massachusetts, where the  Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws c. 140D, § 1 et seq. ("CCCDA") complements the  Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"),  the statue can be used defensively in response to foreclosure without regard to the statute of limitations.  See In Re Fidler,  226, B.R. 734 (Bankr.D.Mass. 1998).  Furthermore, Ms. Culhane is attempting to amend her complaint to add claims against additional defendants.

C. Plaintiff's Claim for Breach of Contract , Unfair and Deceptive Practices and Wrongful Foreclosure

The Plaintiff has met her burden with respect to establishing triable issues of fact with respect to breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and unfair and deceptive practices.  Among the issues disputed and triable  are:

Whether Aurora  has standing to foreclose;

Whether Aurora's built-in conflict of interest  arising from the terms of  the Pooling and Servicing Agreement caused Aurora to unfairly negotiate with Ms. Culhane on her modification.

Whether Aurora  is acting on behalf of the legal owner of the mortgage and note.

Whether Aurora was acting in good faith where its counsel scheduled foreclosure auctions at the same time it was negotiating a modification with Ms. Culhane.

**V. CONCLUSION**

For the foregoing reasons and based on disputed facts revealed in Plaintiff's affidavits and exhibits, Ms. Culhane respectfully requests that the Court deny Defendant's Motion for Summary Judgment and asserts her right to a jury trial in this matter.

                                        Respectfully submitted,
                                        ORATAI CULHANE,

                                        By her attorney,

                                        MARTIN I. FLAX

                                        /s/Martin I. Flax
                                        Martin I. Flax
                                        BBO # 543665
                                        4 Kings Court
                                        Dedham, MA 02026
                                        (781) 329-4850
                                        flaxlaw@gmail.com

Dated: August 5, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 5, 2011.

 /s/Martin I. Flax
Martin I. Flax